[Cite as *Griebling v. Ohio Dept. of Transp.*, 2011-Ohio-1121.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

JEANNE GRIEBLING

> Plaintiff

> v.

OHIO DEPARTMENT OF TRANSPORTATION

> Defendant

> Case No. 2010-10459-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION

{¶ 1} Plaintiff, Jeanne Griebling, filed this action against defendant, Department of Transportation (ODOT), contending her 2006 Mercedes Benz ML350 was damaged as a proximate cause of negligence on the part of ODOT in maintaining a hazardous condition on Interstate 90 East in Cuyahoga County. Specifically, plaintiff asserted the tire and wheel on her car were damaged when the vehicle struck "[a] huge concrete block which was on the roadway." Plaintiff advised her damage incident occurred when the concrete block "flew over the hood of the car in front of me (and) bounced, then went under my car (and) wheel." Plaintiff located the described damage incident on Interstate 90 East, "just west of the West 41st/43rd St exit" in Cleveland. Plaintiff recalled her damage event occurred on July 15, 2010 at approximately 8:30 a.m. According to plaintiff, "[a]s of 8/4/10, that same block of concrete (looked like a step) was still on the berm of I90 on the overpass of W 44th/45th, just west of the W 41st/43rd exit ramp." In her complaint, plaintiff requested damages in the amount of $581.32, the total cost of replacement parts. The filing fee was paid.

{¶ 2} Defendant denied liability based on the contention that no ODOT

personnel had any knowledge of the damage-causing debris condition prior to plaintiff's incident. Defendant located the debris between state mileposts 169.42 and 169.52 on Interstate 90 in Cuyahoga County and advised ODOT did not receive any calls or complaints for debris at that location despite the fact the particular "section of roadway has an average daily traffic count between 94,520 and 118,150 vehicles." Defendant suggested, "that the debris existed in that location for only a relatively short amount of time before plaintiff's incident." Defendant asserted plaintiff failed to establish the length of time the concrete debris existed on the roadway prior to 8:30 a.m. on July 15, 2010. Defendant further asserted plaintiff failed to establish the damage-causing debris condition was attributable to any conduct on the part of ODOT. Defendant noted plaintiff's evidence in her complaint pointed to the fact the damage-causing concrete block was deposited on the roadway by an unidentified third party not affiliated with ODOT. Defendant pointed out plaintiff stated in her complaint that the concrete block was thrown into the path of her car by another unidentified third party motorist. Defendant argued ODOT is generally not liable for damage caused by the acts of third parties with no connection to ODOT.

{¶ 3} Defendant related the ODOT "Cuyahoga County Manager conducts roadway inspections on all state roadways within the county on a routine basis, at least one to two times a month." Apparently, no concrete debris were discovered between mileposts 169.42 and 169.52 on Interstate 90 the last time that section of roadway was inspected before July 15, 2010. The claim file is devoid of any inspection record. Defendant did submit a six-month maintenance history of the specific roadway area in question which recorded over one hundred Road Cruiser patrols were conducted in the area between January 15, 2010 and July 15, 2010. Road Cruisers patrolled from mileposts 160.50 to 186.10 on Interstate 90 on July 12, 2010, July 13, 2010, July 14, 2010, and July 15, 2010. Apparently, no concrete block was discovered on the traveled portion of Interstate 90 between milepost 169.42 and 169.52 at any time that area was patrolled on the dates referenced. Defendant's submitted records show ODOT conducted Litter Patrols on the particular area of Interstate 90 on forty-seven occasions between January 15, 2010 and July 15, 2010. The last Litter Patrol ODOT conducted before July 15, 2010 was on June 18, 2010. Furthermore, the submitted records show ODOT performed Litter Pickup in the specific area of Interstate 90 twenty-five times

during the six-month period in question. The last time litter was removed from the roadway prior to plaintiff's incident was on July 8, 2010. Defendant stated "if ODOT personnel had found any debris it would have been picked up." Defendant argued plaintiff failed to produce evidence to show her property damage was proximately caused by negligent maintenance on the part of ODOT.

{¶ 4} Plaintiff filed a response relating that "[o]ne trip down the highway on any given day is proof positive that cleaning and litter pickup is rarely done as outlined in" defendant's maintenance record. Plaintiff questioned the efficacy of defendant's Road Cruiser operations; noting ODOT conducted these operations the day before and the day of her incident, yet apparently did not discover a concrete block on the traveled portion of Interstate 90. Plaintiff contended, "if they (ODOT personnel) truly do perform a maintenance cleaning or reporting function, our roadways and berms along I-90 would be a lot cleaner." Plaintiff reported the concrete block her car struck on July 15, 2010 "sat alongside the right side of the berm, right over the W. 43rd Street overpass for at least two weeks after causing my accident." Plaintiff acknowledged the damage-causing concrete block was thrown into the path of her car by an unidentified motorist traveling in front of her during rush hour on the morning of July 15, 2010. Plaintiff advised she is unaware of the circumstances involving the concrete block being deposited on the traveled portion of Interstate 90. Plaintiff argued, "if ODOT monitored and kept the road free of debris as is their duty, the concrete block would not have been on I-90 to be displaced by any vehicle nor to have been run over by my vehicle." Plaintiff insisted her property damage was caused by negligence on the part of defendant in failing to maintain the roadway free of debris. Plaintiff contended defendant was negligent in not conducting more frequent inspections and patrols of Interstate 90 due to the fact the roadway is constantly cluttered with debris. Plaintiff reported she has noticed "a huge piece of vinyl siding" and "a retread tire" laying on the roadway berm area "for over two weeks." Plaintiff disputed the efficacy of defendant's Litter Patrol and Litter Pickup operations. Plaintiff asserted she recently observed ODOT personnel ignoring debris (car parts) on the roadway berm area of Interstate 90. Plaintiff did not provide any evidence to establish the length of time the debris condition that damaged her vehicle was present on the traveled portion of Interstate 90 prior to 8:30 a.m. on July 15, 2010.

{¶ 5} For plaintiff to prevail on a claim of negligence, she must prove, by a preponderance of the evidence, that defendant owed her a duty, that it breached that duty, and that the breach proximately caused her injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707. Plaintiff has the burden of proving, by a preponderance of the evidence, that she suffered a loss and that this loss was proximately caused by defendant's negligence. *Barnum v. Ohio State University* (1977), 76-0368-AD. However, "[i]t is the duty of a party on whom the burden of proof rests to produce evidence which furnishes a reasonable basis for sustaining his claim. If the evidence so produced furnishes only a basis for a choice among different possibilities as to any issue in the case, he fails to sustain such burden." Paragraph three of the syllabus in *Steven v. Indus. Comm.* (1945), 145 Ohio St. 198, 30 O.O. 415, 61 N.E. 2d 198, approved and followed.

{¶ 6} Defendant has the duty to maintain its highways in a reasonably safe condition for the motoring public. *Knickel v. Ohio Department of Transportation* (1976), 49 Ohio App. 2d 335, 3 O.O. 3d 413, 361 N.E. 2d 486. However, defendant is not an insurer of the safety of its highways. See *Kniskern v. Township of Somerford* (1996), 112 Ohio App. 3d 189, 678 N.E. 2d 273; *Rhodus v. Ohio Dept. of Transp.* (1990), 67 Ohio App. 3d 723, 588 N.E. 2d 864.

{¶ 7} In order to prove a breach of the duty to maintain the highways, plaintiff must prove, by a preponderance of the evidence, that defendant had actual or constructive notice of the precise condition or defect alleged to have caused the accident. *McClellan v. ODOT* (1986), 34 Ohio App. 3d 247, 517 N.E. 2d 1388. Defendant is only liable for roadway conditions of which it has notice but fails to reasonably correct. *Bussard v. Dept. of Transp.* (1986), 31 Ohio Misc. 2d 1, 31 OBR 64, 507 N.E. 2d 1179.

{¶ 8} Defendant professed liability cannot be established when requisite notice of the damage-causing conditions cannot be proven. Generally, defendant is only liable for roadway conditions of which it has notice, but fails to correct. *Bussard*. However, proof of notice of a dangerous condition is not necessary when defendant's own agents actively caused such condition. See *Bello v. City of Cleveland* (1922), 106 Ohio St. 94, 138 N.E. 526, at paragraph one of the syllabus; *Sexton v. Ohio Department of*

*Transportation* (1996), 94-13861. Plaintiff has failed to produce any evidence to prove that her property damage was caused by a defective condition created by ODOT or that defendant knew about the particular debris condition prior to 8:30 a.m. on July 15, 2010.

{¶ 9} Ordinarily, to recover in any suit involving injury proximately caused by roadway conditions including debris, plaintiff must prove that either: 1) defendant had actual or constructive notice of the debris condition and failed to respond in a reasonable time or responded in a negligent manner, or 2) that defendant, in a general sense, maintains its highways negligently. *Denis v. Department of Transportation* (1976), 75-0287-AD. Plaintiff has not provided any evidence to prove that ODOT had actual notice of the damage-causing condition. Therefore, in order to recover plaintiff must offer proof of defendant's constructive notice of the condition as evidence to establish negligent maintenance.

{¶ 10} "[C]onstructive notice is that which the law regards as sufficient to give notice and is regarded as a substitute for actual notice or knowledge." *In re Estate of Fahle* (1950), 90 Ohio App. 195, 197-198, 48 O.O. 231, 105 N.E. 2d 429. "A finding of constructive notice is a determination the court must make on the facts of each case not simply by applying a pre-set time standard for the discovery of certain road hazards." *Bussard*, at 4. "Obviously, the requisite length of time sufficient to constitute constructive notice varies with each specific situation." *Danko v. Ohio Dept. of Transp.* (Feb. 4, 1993), Franklin App. 92AP-1183. In order for there to be a finding of constructive notice, plaintiff must prove, by a preponderance of the evidence, that sufficient time has elapsed after the dangerous condition appears, so that under the circumstances defendant should have acquired knowledge of its existence. *Guiher v. Dept. of Transportation* (1978), 78-0126-AD; *Gelarden v. Ohio Dept. of Transp., Dist. 4*, Ct. of Cl. No. 2007-02521-AD, 2007-Ohio-3047.

{¶ 11} Plaintiff has not produced any evidence to indicate the length of time that the concrete debris was present on the roadway prior to the incident forming the basis of this claim. Plaintiff has not shown that defendant had actual notice of the condition. Also, the trier of fact is precluded from making an inference of defendant's constructive notice, unless evidence is presented in respect to the time that the concrete debris appeared on the roadway. *Spires v. Ohio Highway Department* (1988), 61 Ohio Misc. 2d 262, 577 N.E. 2d 458. There is no indication that defendant had constructive notice

of the concrete debris on the roadway.

{¶ 12} Evidence in the instant action is undisputed to show that plaintiff's damage was caused by an act of an unidentified third party. Defendant has denied liability based on the particular premise that it had no duty to control the conduct of a third person except in cases where a special relationship exists between defendant and either plaintiff or the person whose conduct needs to be controlled. See *Federal Steel & Wire Corp. v. Ruhlin Const. Co.* (1989), 45 Ohio St. 3d 171, 543 N.E. 2d 769. However, defendant may still bear liability if it can be established if some act or omission on the part of ODOT was the proximate cause of plaintiff's injury. This court, as trier of fact, determines questions of proximate causation. *Shinaver v. Szymanski* (1984), 14 Ohio St. 3d 51, 14 OBR 446, 471 N.E. 2d 477.

{¶ 13} "If an injury is the natural and probable consequence of a negligent act and it is such as should have been foreseen in the light of all the attending circumstances, the injury is then the proximate result of the negligence. It is not necessary that the defendant should have anticipated the particular injury. It is sufficient that his act is likely to result in an injury to someone." *Cascone v. Herb Kay Co.* (1983), 6 Ohio St. 3d 155, 160, 6 OBR 209, 451 N.E. 2d 815, quoting *Neff Lumber Co. v. First National Bank of St. Clairsville, Admr.* (1930), 122 Ohio St. 302, 309, 171 N.E. 327.

{¶ 14} Evidence in the instant claim tends to show the concrete block condition was caused by an unidentified third party and not negligent maintenance on the part of ODOT. Plaintiff has not produced any evidence to infer defendant, in a general sense, maintains its highways negligently or that defendant's acts caused the defective condition or conditions. *Herlihy v. Ohio Department of Transportation* (1999), 99-07011-AD.

{¶ 15} Plaintiff has failed to prove, by a preponderance of the evidence, that defendant failed to discharge a duty owed to plaintiff, or that plaintiff's injury was proximately caused by defendant's negligence. Plaintiff failed to show that the damage-causing object at the time of the damage incident was connected to any conduct under the control of defendant or any negligence on the part of defendant proximately caused the damage. *Herman v. Ohio Dept. of Transp.* (2006), 2006-05730-AD; *Husak v. Ohio Dept. of Transp.*, Ct. of Cl. No. 2008-03963-AD, 2008-Ohio-5179.

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

JEANNE GRIEBLING

    Plaintiff

    v.

OHIO DEPARTMENT OF TRANSPORTATION

    Defendant

    Case No. 2010-10459-AD

Deputy Clerk Daniel R. Borchert

## ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant. Court costs are assessed against plaintiff.

_____
DANIEL R. BORCHERT
Deputy Clerk

Entry cc:

Jeanne Griebling
1484 Bobby Lane
Westlake, Ohio  44145

Jolene M. Molitoris, Director
Department of Transportation
1980 West Broad Street
Columbus, Ohio  43223

RDK/laa
12/2
Filed 1/7/11
Sent to S.C. reporter 3/4/11